IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

---

In Re:

AIRADIGM COMMUNICATIONS, INC.,

---

FEDERAL COMMUNICATIONS COMMISSION

     Appellant,

 v.               MEMORANDUM AND ORDER
                    07-cv-660-jcs

TELEPHONE AND DATA SYSTEMS, INC.,

     Appellee.

---

  Appellant Federal Communications Commission ("FCC") appeals the Bankruptcy Court's determination concerning the allowed amount and status of Appellee Telephone and Data Systems. Inc.'s ("TDS") claim supported by its proof of claim 14 ("claim 14"). Appellee TDS now moves to dismiss the appeal on the basis that it is untimely. The following is a summary of relevant undisputed facts and proceedings before the Bankruptcy Court.

BACKGROUND

  In 1997 debtor was the successful bidder on 15 licenses ("FCC licenses") that permit it to provide wireless communication services. Debtor made a down payment to the FCC and agreed to pay

future installments on the balance due. In 1999 debtor filed a chapter 11 bankruptcy petition. The Bankruptcy Court confirmed debtor's proposed reorganization plan ("2000 plan") over the FCC's objection. Pursuant to the terms of the 2000 plan, TDS made loans to the debtor for working capital, new construction and payments to other creditors. Under the terms of the 2000 plan and the loan agreements, the obligations were secured by all debtor's assets except the FCC licenses. The loan agreements provided that the debtor would repay the loans in full by surrendering the non-license assets.

On May 8, 2006 debtor filed a second chapter 11 bankruptcy petition. On June 13, 2006 debtor filed an amended plan of reorganization ("2006 plan"). On July 6, 2006 TDS filed proof of claim 14 relating to the loans. The total amount claimed was $80,416,499.20 of which TDS claimed that $38,790,000 was secured. The FCC filed an objection to claim 14 asserting, among other things, that claim 14 should be recharacterized as an equity interest and that the claim should be limited to the value of the collateral securing the loans.

On February 12, 2007, TDS moved for partial summary judgment on the FCC's objection to claim 14. In its decision of May 11, 2007 the Bankruptcy Court characterized the motion as follows:

> TDS's motion for summary judgment asks the Court to overrule both aspects of the FCC's objection to Claim 14. First, TDS argues that the FCC's request to recharacterize Claim 14

>as an equity interest is inappropriate on the undisputed facts of this case. Second, TDS seeks a determination that the secured portion of claim 14 is worth 32.1 million.

After consideration of the arguments the motion was granted in part.

>TDS's motion for partial summary judgment is granted in part. TDS's proof of claim is presumed valid and the FCC has not rebutted the presumption of validity, except as to the value of the collateral securing Claim 14.... Accordingly, the FCC's objection to Claim 14 is overruled except insofar as the FCC objects to the value TDS ascribes to the collateral.

On June 22, 2007 the FCC filed a motion for summary judgment on its objections to claim 14. On July 30, 2007, the Bankruptcy Court denied the motion noting in its order that the Court had "reserved the determination of the value of collateral securing Claim No. 14 for trial."

On September 23, 2007 the TDS and the SCC stipulated that the value of the non-licensed assets was $15 million and on September 24, 2007 the Bankruptcy Court approved the stipulation and entered an order valuing the collateral for claim 14.

On October 4, 2007 the FCC filed this appeal of the bankruptcy Court's denial of its objections to Claim 14.

MEMORANDUM

TDS now moves to dismiss the appeal on the basis that the Bankruptcy Court's order of May 11, 2007 was a final order as it concerns the objections to claim 14 and therefore this appeal is untimely.  The FCC asserts that no final appealable order within the meaning of 28 U.S.C. § 158(a)(1) existed until the value of the collateral securing part of the claim was determined by the September 24, 2007 order.

Because TDS is an undersecured creditor, an order on allowance of claim 14 required resolution of two distinct issues: the allowed amount of the claim determined pursuant to § 502(b) and the apportionment between secured and unsecured components pursuant to § 506.  The issue presented by this case is whether those two determinations constitute separate appealable orders or whether an order on claim allowance is final only after both issues are resolved.

> Although section 158(d) uses the same word, "final," as section 1291, it has been understood in light of the history and attributes of bankruptcy proceedings to mean the word more loosely. In ordinary federal litigation, a final judgment is the order that winds up the case except for some details such as the assessment of costs or (where authorized) attorney's fees that are, for practical reasons, considered separate from the main proceeding. A bankruptcy proceeding, in contrast, is often a conglomeration of separate adversary proceedings that, but for the status of the bankrupt party which enables them to be consolidated in one proceeding, would be separate, stand-alone lawsuits.

4

> Parties to those separate proceedings should not have to wait for the end of the entire bankruptcy proceeding before they can appeal, and therefore finality in bankruptcy has been interpreted to embrace the final decision in any adversary proceeding that, but for its bankruptcy setting, would be a separate suit.

Matter of James Wilson Associates, 965 F.2d 160, 166 (7th Cir. 1992)(citations omitted).

Viewed in this way there can be no doubt that a separate suit to recover on a claim would include both the amount of the claim and its status as secured or unsecured. The proof of claim form on which the adversary proceeding is based includes both issues. The Bankruptcy Court treated the two issues as part of the same action as evidenced by its summary judgment rulings which "partially granted" the motion and by its retention of a trial date to resolve the remaining issue. Finality for purposes of appeal occurred only when the final issue in dispute on claim 14, the value of the collateral, was resolved by order of the Court. That issue having been resolved, both the total amount of the claim and its bifurcation between secured and unsecured components was complete and the rights of TDS to recover on claim 14 was fully resolved. See In re Jartran, Inc., 886 F.2d 859, 863 (7th Cir. 1989)(noting that a claim determination is final when fixed as secured and unsecured claims).

At that point, the time for appealing all antecedent issues in the claim dispute became ripe for appeal. Matter of Kilgus, 811

F.2d 1112, 1115 (7th Cir. 1987). Since there is no dispute that the FCC's notice of appeal was timely as measured from the order of September 34, 2007, TDS's motion to dismiss must be denied.

ORDER

IT IS ORDERED that TDS's motion to dismiss the appeal as untimely is DENIED.

Entered this 20th day of December, 2007.

BY THE COURT:
/s/

JOHN C. SHABAZ
District Judge